IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| AMERICAN FAMILY MUTUAL INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>VELMA ORTMAN; DANIEL ORTMAN; ORTMAN'S GRAIN & LIVESTOCK, INC.; D&E ORTMAN FARMS, LLC; ORTMAN ACRES, LLC; ORTMAN FAMILY FARMS, LLC; ORTMAN FARMS TRUCKING, LLC, and PENNY POWERS, Individually and as Guardian and Natural Parent of THOMAS POWERS,<br><br>Defendants. | CASE NUMBER: 1:19-CV-3872 |

**COMPLAINT FOR DECLARATORY JUDGMENT**

COME NOW the Plaintiff, American Family Mutual Insurance Company, by counsel, for its Complaint for Declaratory Judgment against the Defendants, would allege and state as follows:

1. At all times relevant herein Velma Ortman is a resident and citizen of the State of Indiana, with her principal place of residence at 737 West County Road 800 South in Greensburg, Indiana.

2. At all times relevant herein Daniel Ortman is a resident and citizen of the State of Indiana, with his principal place of residence at 2868 West County Road 700 South in Greensburg, Indiana.

3. At all times relevant herein Ortman's Grain & Livestock, Inc. was a corporation organized and existing under the laws of the State of Indiana, with its principal place of business

at 2868 West County Road 700 South in Greensburg, Indiana, and, thus, is considered to be a resident and citizen of the State of Indiana.

4. At all times relevant herein D&E Ortman Farms, LLC was a corporation organized and existing under the laws of the State of Indiana, with its principal place of business at 2868 West County Road 700 South and/or 7328 South County Road 80 West in Greensburg, Indiana, and, thus, is considered to be a resident and citizen of the State of Indiana.

5. At all times relevant herein Ortman Acres, LLC was a corporation organized and existing under the laws of the State of Indiana, with its principal place of business at 1269 West County Road 750 South in Greensburg, Indiana, and, thus, is considered to be a resident and citizen of the State of Indiana.

6. At all times relevant herein Ortman Family Farms, LLC was a corporation organized and existing under the laws of the State of Indiana, with its principal place of business at 737 West County Road 800 South in Greensburg, Indiana, and, thus, is considered to be a resident and citizen of the State of Indiana.

7. At all times relevant herein Ortman Farms Trucking, LLC was a corporation organized and existing under the laws of the State of Indiana, with its principal place of business at 737 West County Road 800 South in Greensburg, Indiana, and, thus, is considered to be a resident and citizen of the State of Indiana.

8. At all times relevant herein Penny Powers and Thomas Powers were residents and citizens of the State of Indiana, with their principal place of residence in Greensburg, Indiana.

9. That title to the property located at 737 West County Road 800 South in Greensburg, Indiana, was transferred by Quitclaim Deed from Arthur Bernard Ortman and Velma Ida (Picker) Ortman, as trustees of the Arthur Bernard Ortman and Velma Ida (Picker) Ortman

Living Trust to Ortman Family Farms, LLC on or about May 5, 2009, but not duly recorded until April 29, 2010.

10. That Arthur Ortman died on January 3, 2016.

11. That at the present time, Velma Ortman continues to reside at 737 West County Road 800 South in Greensburg, Indiana.

12. At all times relevant to this cause, American Family Mutual Insurance Company (hereinafter referred to as "AMERICAN FAMILY") was a Wisconsin corporation, organized and existing under the laws of the State of Wisconsin with its principal place of business in Madison, Wisconsin and thus, is a resident and citizen of the State of Wisconsin, but authorized to do the business of insurance in the State of Indiana.

13. On or about February 7, 2017, AMERICAN FAMILY had issued a Farm/Ranch Policy of insurance, policy number 13-P82185-01-0017-FRFR-IN to or on behalf of Arthur and Velma Ortman, with an insured premises located at 737 West County Road 800 South in Greensburg, Indiana, for a one story single family dwelling of 1904 square feet, which policy of insurance contained certain terms, conditions, exclusions and other provisions. (A copy of the policy of insurance is attached hereto as Exhibit A, and is hereinafter referred to as the "POLICY".)

14. On or about April 2, 2017, AMERICAN FAMILY had issued a Personal Umbrella Policy of insurance, policy number 13-U80370-01 to or on behalf of Arthur and Velma Ortman, with an insured premises located at 737 West County Road 800 South in Greensburg, Indiana, which policy of insurance contained certain terms, conditions, exclusions and other provisions. (A copy of the policy of insurance is attached hereto as Exhibit B, and is hereinafter referred to as the "UMBRELLA".)

15. To the extent coverage exists, the POLICY of insurance issued by AMERICAN FAMILY to Arthur and Velma Ortman would have a liability policy limit of $1,000,000.00 per occurrence; to the extent coverage exists, the UMBRELLA policy of insurance issued by AMERICAN FAMILY to Arthur and Velma Ortman would have a liability policy limit of $1,000,000.00 per occurrence; although the Plaintiff is not aware of any specific demand for damages, the injuries described below were significant; and thus the damages and policy limits at issue would exceed the jurisdictional requirements of this Court.

16. This action involves citizens of different states such that diversity jurisdiction exists.

17. On November 3, 2017, Thomas Powers was assigned to work at a farm and grain silo complex at the Ortman farms located at 2868 West County Road 700 South in Greensburg, Indiana, through the vocational education program with South Decatur Junior and Senior High School.

18. On November 3, 2017, Thomas Powers' left leg came into contact with an auger on the premises located at 2868 West County Road 700 South in Greensburg, Indiana, resulting in an amputation of a portion of that leg (hereinafter referred to as the "ACCIDENT").

19. As a result of the ACCIDENT on October 29, 2018, the Penny Powers, individually and as natural parent of Thomas Powers, filed a lawsuit against Daniel Ortman; Ortman's Grain & Livestock, Inc.; D&E Ortman Farms, LLC; Ortman Acres, LLC; Ortman Family Farms, LLC; Ortman Farms Trucking, LLC and others in the United States District Court for the Southern District of Indiana, Indianapolis Division, under Cause No. 1:18-cv-3323RLY-DLP. (A copy of the Complaint for Damages is attached hereto as Exhibit C, hereinafter referred to as the "LAWSUIT.")

20. In the LAWSUIT, the Penny Powers alleged that Daniel Ortman; Ortman's Grain & Livestock, Inc.; D&E Ortman Farms, LLC; Ortman Acres, LLC; Ortman Family Farms, LLC; Ortman Farms Trucking, LLC (hereinafter jointly referred to as the "ORTMANS") acted negligently in causing the ACCIDENT.

21. At no time prior the ACCIDENT or even the LAWSUIT was Plaintiff advised of any transfer of ownership of the property located at 737 West County Road 800 South in Greensburg, Indiana to Ortman Family Farms, LLC; that Arthur Ortman had died; that Ortman Family Farms, LLC had any interest in that property; or that Ortman Family Farms, LLC was to be added as an insured under the POLICY or UMBRELLA policy.

22. The POLICY issued by Plaintiff to Arthur and Velma Ortman provided liability coverage as follows:

> **COVERAGE D – FARM LIABILITY AND**
> **COVERAGE E – PERSONAL LIABILITY**
>
> 1. **Insuring Agreement**. **We** will pay, up to **our** applicable limit, compensatory damages which any **insured** becomes legally obligated to pay as damages because of **bodily injury** or **property damage** to which this insurance applies. The **bodily injury** or **property damage** must be caused by an **occurrence** during the **policy period**. The **occurrence** must take place in the **coverage territory**.

(Exhibit A, Farm/Ranch POLICY, Coverage D – Farm Liability and Coverage E – Personal Liability, paragraph 1.)

> **COVERAGE G – FARM EMPLOYER'S LIABILITY**
>
> 1. **Insuring Agreement**. **We** will pay, up to **our** applicable limit, compensatory damages which any **insured** becomes legally obligated to pay as damages because of **bodily injury** to a **farm employee** arising out of and in the course of employment covered by this insurance. This coverage applies only to **bodily injury** caused by an **occurrence** during the **policy period**. This coverage is provided until the **remuneration** for **farm employee** labor, in any one policy period, exceeds the amount stated in the Declarations. …

(Exhibit A, Farm/Ranch POLICY, Coverage G – Farm Employer's Liability, paragraph 1.)

**COVERAGE J – CUSTOM FARM WORK**

1. **Insuring Agreement**. **We** will pay, up to **our** applicable limit shown for Coverage D, compensatory damages which any **insured** becomes legally obligated to pay as damages, or under Coverage F, **medical expenses** arising from **Custom Farm Work** done within the state and within a radius of 100 miles from the described premises. This coverage is provided until **receipts** from **custom farm work** exceed the amount stated in the Declarations, in any one policy period.

(Exhibit A, Farm/Ranch POLICY, Coverage J – Custom Farm Work, paragraph 1.)

23. The POLICY issued by Plaintiff to Arthur and Velma Ortman provided Section II Definitions as follows:

2. **Bodily Injury** means bodily harm, sickness or disease sustained by a person, including required care, loss of services and resulting death.

* * *

4. **Custom Farm Work** means the use by the **insured** of any tractor, farm implement or farm machine in the farming operation of others, for **remuneration**.

* * *

9. **Medical Expense** means reasonable and necessary expenses for medical, surgical, X-ray, dental, ambulance, hospital, professional nursing, prosthetic devices and funeral services.

* * *

11. **Occurrence** means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

* * *

13. **Receipts** means the gross amount of remuneration received by the **insured** for **custom farm work** during each annual policy period.

14. **Remuneration** means money or any substitute(s) for money.

(Exhibit A, Farm/Ranch POLICY, Section II -Definitions.)

24. The POLICY issued by Plaintiff to Arthur and Velma Ortman provided Definitions as follows:

a. 4. **Insured** means:

a. **You**, and if **you** are shown in the Declarations as:

(1) an individual, **insured** also means **your** spouse and relatives if residents of **your** household. It also means any other person under the age of 21 in **your** care or in the care of **your** resident relatives.

* * *

> (3) any person or organization having proper temporary custody of **your** covered property if **you** die, but only with respect to insurance of covered property and legal liability arising out of that property. If **you** die, any person who is an insured continued to be an insured while residing on the insured premises.

(Exhibit A, Farm/Ranch POLICY, Definitions, paragraph 4.)

b. "**You** and **your** refer to the person(s) or organization shown as Named Insured in the Declarations. These words also refer to **your** spouse who is a resident of **your** household." (Exhibit A, Farm/Ranch POLICY, Definitions, paragraph 9.)

c. "**Business**" is defined to mean any profit motivated full or part-time employment, trade, profession or occupation, other than farming. (Exhibit A, Farm/Ranch POLICY, Definitions, paragraph 2(a).)

d. "**Farm employee**" means an employee of the named **insured** who receives **remuneration** for performing duties incidental to the ownership, maintenance, operations or use of the farm premises. (Exhibit A, Farm/Ranch POLICY, Section II –Definitions, paragraph 5.)

25. The POLICY Declarations identify only Arthur Ortman and Velma Ortman as the Named Insured. (Exhibit A, Farm/Ranch POLICY, Declarations.)

26. The POLICY Declarations list the insured premises as 737 W CR 800 S in Greensburg, Indiana, and identified as a one story single family dwelling of 1904 square feet. (Exhibit A, Farm/Ranch POLICY, Declarations.)

27. The POLICY Declarations identify the form of business as an "individual," and not a corporation or partnership. (Exhibit A, Farm/Ranch POLICY, Declarations.)

28. The POLICY provided the following exclusion from liability coverage:

> **EXCLUSIONS**
> This coverage does not apply to:

* * *

> 7. **Employees**. **We** will not pay for damages arising from **bodily injury** to any employee. This exclusion applies to any obligation to share damages with or repay someone else who must pay damages because of the injury.

(Exhibit A, Farm/Ranch POLICY, Indiana Amendatory Farm/Ranch Endorsement, Section II – Exclusions, paragraph 7.)

29. The POLICY provided the following exclusions from coverage:

a. Medical expense coverage under Coverage F does not apply to: "**medical expenses** for **bodily injury** to any person injured while on the **insured premises** by reason of any **business** being pursued or professional services being rendered there"; and "**medical expenses** for **bodily injury** to any **farm employee** or any other person engaged in work usual or incidental to the maintenance or use of the **insured premises** as a **farm.**" (Exhibit A, Farm/Ranch POLICY, Coverage G – Farm Employer's Liability, Exclusions, paragraph 2(c).)

b. Liability insurance under Coverage G does not apply to: "any **farm employee** employed in violation of any Federal or State employment law as to age if the **occurrence** arises from the use of any power driven machine, or … to any **farm employee** employed in violation of law with the knowledge of the **insured**." (Exhibit A, Farm/Ranch POLICY, Coverage F – Medical Expense to the Public, Exclusions, paragraphs 2(b) and (d).)

c. Liability insurance under Coverage J does not apply to: "damages due to **bodily injury** to any **farm employee** or other employee of any **insured** other than a **domestic employee**." (Exhibit A, Farm/Ranch POLICY, Coverage J – Custom Farm Work, Exclusions, paragraph 2(b).)

30. The POLICY provided the following Conditions for coverage:

1. **Assignment**. Assignment of this policy will not be valid unless **we** give **our** consent.

(Exhibit A, Farm/Ranch POLICY, General Conditions, paragraph 1.)

31. The UMBRELLA Policy issued by Plaintiff to Arthur and Velma Ortman provided personal liability coverage as follows:

**PERSONAL LIABILITY COVERAGE**

**1. Bodily Injury or Property Damage. We** will pay, up to **our limit**, compensatory damages for which an **insured** becomes liable for **bodily injury** or **property damage** caused by an **occurrence** covered under this policy.

* * *

This coverage applies only to damages in excess of the **primary limit**.

(Exhibit B, Personal Liability UMBRELLA policy, Indiana Amendatory Personal Liability Umbrella Endorsement, Coverages.)

32. In the UMBRELLA Policy issued by Plaintiff to Arthur and Velma Ortman, contained the following definitions:

a. **Insured** is defined as the **Named Insured** and **your relatives**. (Exhibit B, Personal Liability UMBRELLA policy, Definitions, paragraph 9.)

b. "**Named Insured**" means the person shown in the declarations and his/her spouse; the spouse must be a resident of the same household. (Exhibit B, Personal Liability UMBRELLA policy, Definitions, paragraph 12.)

c. "**Relative**" means a resident of **your** household who is: related to **you** by blood, marriage or adoption; and any other person under the age of 21 who is in **your** care or the care of **your** resident **relative**. (Exhibit B, Personal Liability UMBRELLA policy, Definitions, paragraph 18.)

d. "**You** and **your**" refer to the **named insured** shown in the declarations and also refer to **your** spouse if a resident of **your** household. (Exhibit B, Personal Liability UMBRELLA policy, Definitions, paragraph 22.)

e. "**Farm employee**" means an employee of the **named insured** who receives **remuneration** for performing duties incidental to the ownership, maintenance, operations or use of the farm premises. (Exhibit B, Personal Liability UMBRELLA policy, Definitions, paragraph 6.)

f. The Personal Liability Umbrella Declarations list only Arthur and Velma Ortman as the Named Insured. (Exhibit B, Personal Liability UMBRELLA policy, Declarations.)

g. "**Insured Premises** means **your residence premises**… ." (Exhibit B, Personal Liability UMBRELLA policy, Definitions, paragraph 10.)

33. The Personal Liability UMBRELLA policy excludes liability coverage for business pursuits other than farm/ranching. (Exhibit B, Personal Liability UMBRELLA, Exclusions, paragraph 3.)

34. The Personal Liability UMBRELLA policy excludes **bodily injury** to any employee of an **insured** arising out of and in the course of their employment by any **insured**. (Exhibit B, Personal Liability UMBRELLA, Indiana Amendatory Personal Liability Umbrella Endorsement, Exclusions, paragraph 7.)

35. The Personal Liability UMBRELLA policy does not require Plaintiff to defend the insured where there is no applicable underlying insurance in effect at the time of the occurrence and the amount of damages claimed or incurred is less than the applicable primary limit shown in the declarations of the UMBRELLA policy. (Exhibit B, Personal Liability UMBRELLA, Indiana

Amendatory Personal Liability Umbrella Endorsement, Coverages, Defense Provision, paragraph 2.)

36. With respect to farming/ranching activities, coverage under the Personal Liability UMBRELLA policy will be no broader than the underlying POLICY. (Exhibit B, Personal Liability UMBRELLA, Farm/Ranch Following Form Endorsement.)

37. The Personal Liability UMBRELLA policy provided the following Conditions for coverage:

> 18. **Transfer of Interest**. **Your** rights and duties under this policy may not be assigned without **our** written consent.
>
> * * *
>
> 22. **Assignment**. Assignment of this policy will not be valid unless **we** give **our** written consent. If **you** die, this policy applies:
>
> a. To **your** legal representative, as **named insured**, but only while acting as such; and
>
> b. To the person having proper temporary custody of **your** property, as an **insured**, until a legal representative is named; and
>
> c. To any other person who is an **insured** at the time of **your** death, and continues to reside on the **insured premises**.

(Exhibit B, Personal Liability UMBRELLA, Conditions, paragraphs 18 and 22.)

38. The LAWSUIT did not assert any claims against the named insureds, Arthur or Velma Ortman.

39. The ACCIDENT did not occur on the insured premises under the POLICY or the UMBRELLA Policy issued by Plaintiff to Arthur and Velma Ortman.

40. Prior to the ACCIDENT, Plaintiff was never requested to insure the premises, business or owners of the property at 2868 West County Road 700 South in Greensburg, Indiana.

41. No premiums were ever paid to Plaintiff to insure the premises, business or owners of the property at 2868 West County Road 700 South in Greensburg, Indiana.

42. Neither the POLICY nor the UMBRELLA Policy issued by Plaintiff to Arthur and Velma Ortman insured the property where the ACCIDENT occurred.

43. Neither the POLICY nor the UMBRELLA Policy issued by Plaintiff to Arthur and Velma Ortman insured the activities being performed at the time of the ACCIDENT.

44. The ORTMANS are not named insureds under either the POLICY or the UMBRELLA Policy issued by Plaintiff to Arthur and Velma Ortman.

45. The ORTMANS are not insureds by definition under either the POLICY or the UMBRELLA Policy issued by Plaintiff to Arthur and Velma Ortman.

46. The ORTMANS do not meet the definition of an “insured” as defined in the POLICY and/or UMBRELLA Policy.

47. The ORTMANS were not legal representatives of the named insureds at the time of the ACCIDENT.

48. The ORTMANS did not have temporary custody of the insured premises at the time of the ACCIDENT.

49. There was no written consent by Plaintiff to assign or transfer the POLICY or UMBRELLA Policy to the ORTMANS.

50. There was no valid assignment or transfer of the POLICY or UMBRELLA Policy to the ORTMANS.

51. Plaintiff was not advised of any transfer of ownership of the property located at 737 West County Road 800 South in Greensburg, Indiana, to Ortman Family Farms, LLC prior to the ACCIDENT or even prior to the LAWSUIT.

52. The POLICY and UMBRELLA Policy issued by Plaintiff to Arthur and Velma Ortman do not insure The ORTMANS for any of the allegations raised in the LAWSUIT.

53. No premiums were ever paid to Plaintiff to insure The ORTMANS under the POLICY and/or UMBRELLA Policy prior to the ACCIDENT.

54. Daniel Ortman is not a resident of the household of Arthur and Velma Ortman at 737 W CR 800 S in Greensburg, Indiana, at the time of the ACCIDENT.

55. The POLICY and/or UMBRELLA Policy exclude liability coverage to Daniel Ortman; Ortman's Grain & Livestock, Inc.; D&E Ortman Farms, LLC; Ortman Acres, LLC; Ortman Family Farms, LLC; and/or Ortman Farms Trucking, LLC as a result of the claims asserted in the LAWSUIT.

56. Plaintiff owes no insurance coverage under the POLICY and/or UMBRELLA Policy to Daniel Ortman; Ortman's Grain & Livestock, Inc.; D&E Ortman Farms, LLC; Ortman Acres, LLC; Ortman Family Farms, LLC; and/or Ortman Farms Trucking, LLC as a result of the allegations raised by the LAWSUIT.

57. The POLICY and/or UMBRELLA Policy issued by AMERICAN FAMILY does not provide a duty to defend Daniel Ortman; Ortman's Grain & Livestock, Inc.; D&E Ortman Farms, LLC; Ortman Acres, LLC; Ortman Family Farms, LLC; and/or Ortman Farms Trucking, LLC for the allegations raised in the LAWSUIT.

58. The POLICY and/or UMBRELLA Policy issued by AMERICAN FAMILY does not provide indemnification for the claims made on behalf of, or against, Daniel Ortman; Ortman's Grain & Livestock, Inc.; D&E Ortman Farms, LLC; Ortman Acres, LLC; Ortman Family Farms, LLC; and/or Ortman Farms Trucking, LLC as to the allegations made in the LAWSUIT.

59. As the Plaintiff owes no duty of coverage, duty to defend or duty to indemnify Daniel Ortman; Ortman's Grain & Livestock, Inc.; D&E Ortman Farms, LLC; Ortman Acres, LLC; Ortman Family Farms, LLC; and/or Ortman Farms Trucking, LLC, the Plaintiff would owe no duty to pay any judgment rendered against Daniel Ortman; Ortman's Grain & Livestock, Inc.; D&E Ortman Farms, LLC; Ortman Acres, LLC; Ortman Family Farms, LLC; and/or Ortman

Farms Trucking, LLC in favor of Penny Powers, Individually and as Natural Parent of Thomas Powers, as a result of the ACCIDENT and/or claim.

60. AMERICAN FAMILY seeks a declaratory judgment that it is not liable under the POLICY and/or UMBRELLA Policy to Daniel Ortman; Ortman's Grain & Livestock, Inc.; D&E Ortman Farms, LLC; Ortman Acres, LLC; Ortman Family Farms, LLC; and/or Ortman Farms Trucking, LLC for any judgment, which may be rendered against them in the LAWSUIT by Penny Powers, Individually and as Natural Parent of Thomas Powers.

61. AMERICAN FAMILY seeks a declaratory judgment that it is not obligated under the POLICY and/or UMBRELLA Policy to defend Daniel Ortman; Ortman's Grain & Livestock, Inc.; D&E Ortman Farms, LLC; Ortman Acres, LLC; Ortman Family Farms, LLC; and/or Ortman Farms Trucking, LLC from the allegations of the LAWSUIT by Penny Powers, Individually and as Natural Parent of Thomas Powers.

62. AMERICAN FAMILY seeks a declaratory judgment that it is not obligated under the POLICY and/or UMBRELLA Policy to provide liability coverage to Daniel Ortman; Ortman's Grain & Livestock, Inc.; D&E Ortman Farms, LLC; Ortman Acres, LLC; Ortman Family Farms, LLC; and/or Ortman Farms Trucking, LLC for the allegations of the LAWSUIT by Penny Powers, Individually and as Natural Parent of Thomas Powers.

63. AMERICAN FAMILY seeks a declaratory judgment that it does not have a duty to indemnify Daniel Ortman; Ortman's Grain & Livestock, Inc.; D&E Ortman Farms, LLC; Ortman Acres, LLC; Ortman Family Farms, LLC; and/or Ortman Farms Trucking, LLC from the allegations of the LAWSUIT by Penny Powers, Individually and as Natural Parent of Thomas Powers.

WHEREFORE, American Family Mutual Insurance Company prays for the following relief:

(1) That the Court declare and determine that the American Family Mutual Insurance Company POLICY do not cover Daniel Ortman; Ortman's Grain & Livestock, Inc.; D&E Ortman Farms, LLC; Ortman Acres, LLC; Ortman Family Farms, LLC; and/or Ortman Farms Trucking, LLC for any liability claims arising out of the November 3, 2017ACCIDENT by Penny Powers, Individually and as Natural Parent of Thomas Powers.

(2) That the Court declare and determine that American Family Mutual Insurance Company has no obligation to defend Daniel Ortman; Ortman's Grain & Livestock, Inc.; D&E Ortman Farms, LLC; Ortman Acres, LLC; Ortman Family Farms, LLC; and/or Ortman Farms Trucking, LLC against any claims which may be asserted arising out of the November 3, 2017ACCIDENT by Penny Powers, Individually and as Natural Parent of Thomas Powers.

(3) That the Court declare and determine that American Family Mutual Insurance Company has no obligation to compromise or settle any claim arising out of the November 3, 2017ACCIDENT by Penny Powers, Individually and as Natural Parent of Thomas Powers.

(4) That the Court declare and determine that American Family Mutual Insurance Company has no obligation to pay or satisfy, in whole or in part, any judgment that may be rendered against Daniel Ortman; Ortman's Grain & Livestock, Inc.; D&E Ortman Farms, LLC; Ortman Acres, LLC; Ortman Family Farms, LLC; and/or Ortman Farms Trucking, LLC in favor of Penny Powers, Individually and as Natural Parent of Thomas Powers arising out of the ACCIDENT on November 3, 2017.

(5) And for all other relief just and proper in the premises.

Respectfully submitted,

O'DELL & ASSOCIATES, P.C.

/s/Robert S. O'Dell________________________
Robert S. O'Dell, Attorney No. 13735-53
Attorney for Plaintiff, American Family Mutual Insurance Company

O'DELL & ASSOCIATES, P.C.
14747 Oak Road, Suite 100
Carmel, Indiana 46033
(317) 569-1400

P:\RSO\19468\Complaint for Dec Judgment.docx